Madden, Judge,
delivered the opinion of the court:
The Government has filed a motion to dismiss the plaintiff’s petition insofar as the petition is based upon an implied contract between the plaintiff and the Government. It says that the facts stated in the petition do not show a contract implied in fact, and therefore do not state a cause of action founded upon such a contract.
The petition alleges that the plaintiff was “possessed of secret processes, procedures, know-how and other technical and confidential information relating to the preparation of bonded and premixed food products and particularly cereal briquettes and food briquettes and premixed cereals,” which information was of great value. It says that this information was, in 1942 and 1943, disclosed to the Government, and particularly to the Office of the Surgeon General, War Department, the Army Medical School, the Office of the Quartermaster General, and the Subsistence Testing Committee, pursuant to their request and suggestion and “upon the implied understanding that if (the processes) were satisfactory, orders would be given to plaintiff or plaintiff would be retained to aid in making” the food products for government and military purposes.
The petition further says that about August 16, 1943, the Office of the Quartermaster General informed the plaintiff that it was not interested in and “would not continue with the plaintiff’s” products “in view of the fact that there appeared to be no practicable application thereof.” It says that during 1945, the plaintiff learned that the Government was causing to be manufactured by a large number of manufacturers of cereal products, premixed cereals, food bricks and cereal briquettes, using the plaintiff’s secret process.
The plaintiff sums up the implied contract basis of its claim in paragraph 18 of its petition, which says:
*261 18. The substance of the implied contract upon which this cause of action is based is the delivery of confidential information, secret processes and know-how to the United States Government and to said firms, companies and corporations at the request and suggestion of the United States Government in return for adequate consideration and compensation.
The plaintiff also asserts in its petition that it holds patents on these same processes, and sues for compensation for the use by and for the Government of the patented processes. The motion to dismiss which we are now considering does not attack the claims of the petition which are based on alleged rights under patents.
As to the claim of the petition based upon an implied contract, it is hardly possible to spell out of the cryptic language of the petition a basis for a contract implied in fact. Leaving aside the patent feature of the case, the mere fact that Government officials asked one who had some knowledge which might be useful to the Government to disclose it would not suggest an unexpressed but understood intention to pay for the disclosure, or to reward the discloser through government employment or orders. One wonders, then, what might have happened, short of an express promise to pay for the disclosure, which could create a legal obligation to pay for the disclosure. If there was such a promise, no matter how indirectly expressed, the petitioner has only created ambiguity and confusion by describing it as an implied understanding.
Paragraph 18 of the petition, which we have quoted, does not clarify the problem. It does not say, and seems to avoid saying, that the consideration and compensation of which it speaks was promised either expressly or impliedly.
We conclude that the plaintiff’s petition does not state a cause of action based upon an implied contract, and that the Government’s motion to dismiss should be granted, and the petition dismissed as to the claim based upon an implied contract.
It is so ordered.
Howell, Judge; Whitaker, Judge; Littleton, Judge; and Jones, Chief Judge, concur.